OPINION
P.T. Properties, Inc., ("P.T. Properties" or "PT") dba The Sports Club was charged with permitting gambling to occur on a permit premises. On October 7, 2000, the Ohio Liquor Control Commission ("LCC") conducted a hearing on the charges and found a single violation. A penalty was assessed of a $10,000 forfeiture or a suspension of the liquor license for 100 days.
P.T. Properties pursued an administrative appeal to the Franklin County Court of Common Pleas. That court affirmed the actions of the LCC.
P.T. Properties has now appealed again, assigning three errors for our consideration:
ASSIGNMENT OF ERROR I
 THE COMMON PLEAS COURT ABUESED ITS DISCRETION IN AFFIRMING THE DECISION OF THE LIQUOR CONTROL COMMISSION BECAUSE, UNDER THE CIRCUMSTANCES, A DECISION AND ORDER IS UNREASONABLE, UNLAWFUL AND UNSUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
 ASSIGNMENT OF ERROR II THE COMMON PLEAS COURT DECISION AFFIRMING THE DECISION OF THE LIQUOR CONTROL COMMISSION FINDING A "VIOLATION OF VIOLATION I" IS IN ERROR AND CONTRARY TO LAW AND SHOULD BE REVERSED AND VACATED BASED UPON THE DENIAL OF APPELLANT'S DUE PROCESS RIGHTS IN THE PROCEEDINGS BEFORE THE COMMISSION AND THE COMMON PLEAS COURT.
 ASSIGNMENT OF ERROR III THE DECISION OF THE COMMON PLEAS COURT AFFIRMING THE DECISION OF THE LIQUOR CONTROL COMMISSION SHOULD BE REVERSED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL AND STATUTORY VIOLATIONS BY THE AGENT'S OF THE LIQUOR CONTROL DEPARTMENT.
P.T. Properties acknowledges that tip tickets were being sold at The Sports Club and that tip tickets are used in gambling. The center of debate is whether the gambling was somehow legal because the sale of the tip tickets benefited the Child Care Foundation, Inc., a 501(c)(3) corporation under the Internal Revenue Code.
In her report which provided the factual basis for the findings by the LCC, agent Amy Wycoff indicated that Richard Turner on behalf of P.T. Properties, could not produce a current 501(c)(3) letter at the time The Sports Club was searched. However, subsequent investigation indicated that the appropriate letters regarding the Child Care Foundation, Inc., had been present and had been seized by a detective of the Whitehall Police Department at the time The Sports Club was raided. Thus, the proceedings before the LCC and the common pleas court were affected by key factual problems, namely, whether there was proof that the tip tickets were being sold to benefit a 501(c)(3) corporation.
When PT appealed to common pleas court initially, it attacked only the severity of the penalty assessed. PT did not attack the validity of the LCC's finding of a violation. Only after the 501(c)(3) letters were found did new counsel attack the merits of the finding of a violation. The attack occurred after the common pleas court on appeal had addressed only the severity of the sanction and affirmed the order of the LCC.
Counsel for the LCC argues that issues regarding the underlying violation have been waived by PT's former counsel because those issues were not addressed initially. Under normal circumstances, this argument would be dispositive of the appeal. However, numerous mistakes by law enforcement personnel led to an inaccurate understanding of the facts before the LCC and the common pleas court. Former counsel could not ethically argue that which seemed to have no merit, based upon the factual information properly available. Former counsel could not know, and waive, factual issues resulting from the failure of law enforcement officers to record, inventory and report about the items seized. Thus, we will not foreclose consideration of new issues.
In reviewing the LCC's order in an R.C. 119.12 appeal, a court of common pleas is required to affirm if the order is supported by reliable, probative and substantial evidence and is in accordance with law. VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79,81. The determination of whether an agency order is supported by reliable, probative and substantial evidence involves essentially a question of the absence or presence of the requisite quantum of evidence. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
While it is incumbent on the common pleas court to examine the evidence, this is not the function of the court of appeals. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. This court determines only if the common pleas court abused its discretion, which encompasses not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. Id. Absent such an abuse of discretion, this court may not substitute its judgment for that of the agency or common pleas court. Id.
Counsel for the LCC argues that even if the 501(c)(3) letters were on the permit premises, the LCC order is still proper because the evidence failed to demonstrate that all the proceeds from the sale of the tip tickets went to benefit the Child Care Foundation, Inc. and, therefore, that PT qualifies for the narrow exception contained in R.C. 2915.02(D) which permits gambling on a permit premises. Specifically, counsel alleges that PT received $400 in payment for every second box of tip tickets sold. This allegation is supported by no testimony but by handwritten notes, including "$400 profit every 2nd Box" and "1st Box $739 collected for charity tot. profit; 2nd Box $739 collected, $500 bar; $229 charity, tot. profit $400."
Ohio Adm. Code 4301:1-1-53(D) requires strict compliance with all of the provisions of R.C. 2915.02(D) in order to exempt a permit holder from the prohibition against gambling-type games and contests on a permit premises. R.C. 2915.02(D)(1) requires that all the money or assets received from schemes of chance (after deductions for prizes) be transferred to the tax-exempt organization.
Given the stipulation of the above notes into evidence, we find that the common pleas court did not err or abuse its discretion in finding that the LCC order was supported by reliable, probative and substantial evidence and was in accordance with law. Since PT made a profit, they were guilty of the violation.
The first and second assignments of error are overruled.
The third assignment of error asserts that PT received ineffective assistance of counsel before the LCC and should therefore be entitled to relief.
Effective assistant of counsel is a right provided to defendants in criminal cases. The right is guaranteed by the Sixth Amendment of the Constitution of the United States as applied to the states through the Fourteenth Amendment. See Gideon v. Wainwright (1963), 372 U.S. 335,83 S.Ct. 972. Effective assistance of counsel does not apply to proceedings before the LCC, which are administrative proceedings and not criminal in nature.
The third assignment of error is overruled.
All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and BRYANT, JJ., concur.